[No. 11560.   In Bank. — November 26, 1886.]

BOARD OF COMMISSIONERS OF THE FUNDED
DEBT SINKING FUND OF THE CITY OF SAC-
RAMENTO ET AL., RESPONDENTS, v. BOARD OF
TRUSTEES OF THE CITY OF SACRAMENTO,
APPELLANTS.

FUNDED DEBT OF SACRAMENTO — LEVY OF TAX FOR — ACT OF MARCH 25,
1872 — CONSTITUTION DID NOT REPEAL. — The act of March 25, 1872,
providing for the redemption of the funded indebtedness of the city of
Sacramento, and requiring the board of trustees of the city to levy a tax
for such purpose in accordance with the written request made to them
by the board of commissioners created by the act, was not repealed by
article 22, section 1, of the constitution. The act, having been passed
prior to the adoption of the constitution, is not inconsistent with section
13 of article 11 thereof, prohibiting the legislature from delegating to a
special commission any power to levy taxes or assessments, or to perform
any municipal functions.

ID. — MANDAMUS LIES TO COMPEL TRUSTEES TO LEVY TAX. — A writ of
mandate will lie at the instance of the board of commissioners to compel
the board of trustees to levy a tax in accordance with the written re-
quest of the commissioners.

APPEAL from a judgment of the Superior Court of
Sacramento County.

On the 25th of March, 1872, the legislature passed an
act entitled "An act to provide for the redemption of the
funded indebtedness of the city of Sacramento," which
required the board of trustees of the city to levy an annual
special tax of not less than one tenth of one per cent,
and not exceeding thirty-five cents on each hundred
dollars, upon all taxable property within the city, for the
purposes specified in the act. In order to carry the same
into effect, the act created a board of commissioners
known as the Board of Commissioners of the Funded
Debt Sinking Fund of the City of Sacramento, and pro-
vided that the board of trustees, in levying the special
tax, should be governed by the request in writing of the
board of commissioners, and should fix the levy at such

a rate as might be requested by them, within the limits fixed by the act. On the 8th of February, 1886, the board of commissioners passed a resolution requesting the board of trustees to levy a tax of ten cents on the hundred dollars, to be collected and paid into the funded debt sinking fund. The trustees refused to make the levy, whereupon the present proceeding was brought to compel them so to do. The further facts are stated in the opinion of the court.

*W. A. Anderson*, and *E. C. Hart*, for Appellants.

The act of March 25, 1872, was repealed by the constitution. (Const., art. 11, sec. 13; art. 22, sec. 1; Sedgwick on Statutory Construction, 19; *Desmon* v. *Dunn*, 55 Cal. 253; *McDonald* v. *Patterson*, 54 Cal. 245; *Donahue* v. *Graham*, 61 Cal. 276; *Perkins* v. *Slack*, 86 Pa. St. 270.)

*H. O. & W. H. Beatty*, for Respondents.

Article 11, section 13, and article 22, section 1, of the constitution are not retrospective, and did not repeal the act in question. (*Perkins* v. *Slack*, 86 Pa. St. 270; *Allbyer* v. *State*, 10 Ohio, 588; *State* v. *Barbee*, 3 Ind. 258; *State* v. *Thompson*, 2 Kan. 432; *Slack* v. *Marysville*, 13 B. Mon. 1; *State* v. *Macon County Court*, 41 Mo. 453.) The writ of mandate is a proper remedy in the present case. (*Green* v. *Palmer*, 15 Cal. 411; S. C., 76 Am. Dec. 492; *County of Contra Costa* v. *Board of Supervisors*, 26 Cal. 641.)

McKINSTRY, J.— This is an application of the board of commissioners of the Funded Debt Sinking Fund to compel the board of trustees of Sacramento city, by mandate, to levy a certain tax which is ordered to be levied by an act of the legislature passed in 1872.

The court below issued an alternative writ, and the city trustees made a response not denying any fact set up in the petition and affidavit, but setting up matters of law only as a response to the alternative writ. The

court overruled the legal objections raised, and made the writ absolute. From this the trustees appealed.

Appellants contend the petition is fatally defective, in that it does not appear therefrom that petitioners have not a plain, speedy, and adequate remedy at law; and in that it does not appear therefrom that defendants have any municipal functions to perform.

The facts alleged in the petition show that there is no other plain, speedy, or adequate remedy. The powers and duties of the defendants are declared and determined by a public statute, of which we take notice.

Appellants further contend that petitioners have no legal capacity to maintain this action. The petitioners are parties " beneficially interested " within the meaning of section 1086 of the Code of Civil Procedure. (*County of Contra Costa* v. *Board of Supervisors*, 26 Cal. 641.)

The main contention of appellant is, that the act of March 25, 1872 (Stats. 1871-72, p. 546), was repealed on the adoption of the constitution of 1879, by reason of the clause in section 1, article 22, of that instrument, which reads: "The provisions of all laws inconsistent with this constitution shall cease upon the adoption thereof." It is said that the provisions of the act of 1872 are "inconsistent" with section 13, article 11, of the constitution. That section reads: —

" The legislature shall not delegate to any special commission, private corporation, company, association, or individual any power to make, control, appropriate, supervise, or in any way interfere with any county, city, town, or municipal improvement, money, property, or effects, whether held in trust or otherwise, or to levy taxes or assessments, or perform any municipal functions whatever."

That the prohibition is prospective and applies to the legislature created by the constitution, in which the prohibition is found, seems too clear for argument. The prohibition became operative with the rest of the con-

stitution, and could only limit the power of the legislature provided for in the constitution. Its language does not purport anything more or different.

This much being conceded, it necessarily follows that the act of 1872 is not inconsistent with the section of the constitution above quoted. It is not pretended that it is inconsistent with any other provision of the constitution.

The prohibition of future enactments of a particular character, by houses of legislation brought into existence by the same constitution which contains the prohibition, cannot be held to annul past legislation without violating the plain meaning of the language. It may be that some provisions of the constitution prohibit future *action*, authorized in the past by a statute in force prior to the adoption of the constitution. In such cases the prohibition (it might be argued) is pointed at such future action, and is not a repeal of the statute which originally authorized it. Thus: "No county seat shall be removed unless two thirds of the qualified electors shall vote in favor of such removal." (Sec. 2, art. 11.) This may not only prohibit any legislation attempting to authorize a removal without the two-thirds vote, but may prohibit, also, the removal itself. Other examples might perhaps be put to illustrate the distinction; but in each case the meaning of the prohibitory clause must be ascertained by reference to its subject-matter and to the other provisions of the constitution. There is no clause of the constitution which can be construed to prohibit proceedings under the prior law, by the board of commissioners established by the act of 1872, or by other like boards.

In their original points counsel for appellant say: "It is contended by respondents that sections 12 and 13 of article 11 are not retrospective. Standing alone, *this would be true*, and there are numerous authorities sustaining that construction, but the plain intent to make

them retroactive is disclosed by section 1, article 22, of the constitution of California." In their brief in reply, however, counsel seem to contend that section 13, article 11, of itself, and independent of section 1, article 22, of the constitution, repealed the act of 1872. For the reasons above set forth, this view cannot be upheld.

Our conclusion is, that the act of 1872 is not inconsistent with the constitution, and that it will remain in full force until altered or repealed by the legislature. (Const., art. 22, sec. 1.)

Judgment affirmed.

THORNTON, J., MYRICK, J., and SHARPSTEIN, J., concurred.